FILED
2011 Oct-31 AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

ROOSEVELT MCCAIN,              }
                               }
     Plaintiff,                }
                               }      CIVIL ACTION NO.
v.                             }      11-AR-3725-S
                               }
DRUMMOND COMPANY, INC.,        }
                               }
     Defendant.                }
```

**MEMORANDUM OPINION**

The court recognizes that the above-entitled case removed by Drummond Company, Inc. to this court from the Circuit Court of Walker County, Alabama, is one calling for *Younger* abstention.

As Drummond Company correctly asserts, this court has no jurisdiction over the claim of plaintiff, Roosevelt McCain, brought under the Alabama Worker's Compensation Act. The contrary is true of the jurisdiction of the Circuit Court of Walker County, Alabama, over McCain's federal claim brought under 42 U.S.C. §§ 1981 and 1981a.

The Supreme Court of the United States explained the reach of *Younger* in *Pennzoil Co. v. Texaco, Inc.*, 107 S.Ct. 1519 (1982), as follows:

> This Court repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems.

*Id*. 1527.

\* \* \*

... [D]enigrations of the procedural protections afforded by Texas law hardly come from Texaco with good grace, as it apparently made no effort under Texas law to secure the relief sought in this case.

*Id*. 1528.

* * *

... [T]he lower [federal] court should have deferred on principles of comity to the pending state proceedings.

*Id*. 1529.

* * *

... Texaco cannot demonstrate that the Texas courts were not then open to adjudicate its claims.

*Id*. 1529.

In other words, the war between these parties cannot be fought on two fronts. It rages in the state court and must be fought to its conclusion there, even though a non-exclusive federal claim is presented and must be decided there.

Under the circumstances, the court will enter a separate order of remand in recognition of *Younger* abstention.

DONE this 31st day of October, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE